IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60603
Summary Calendar
_____


ROSE LOVEBERRY; JOYCE WHITEHEAD;
MARGARET HALL, All Others Similarly
Situated; RUFFIN GROVE MISSIONARY
BAPTIST CHURCH,

                                        Plaintiffs-Appellants,

VERSUS

ESTELLA AMOS; Etc.; ET AL,

                                        Defendants,

BILL WALLACE,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:97-CV-241-B-B
--------------------
June 21, 2000

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Plaintiffs Rose Loveberry, Joyce Whitehead, Margaret Hall, and

all others similarly situated, and the Ruffin Grove Missionary

Baptist Church (hereinafter "plaintiffs") appeal the summary

judgment in favor of defendant Bill Wallace.  The district court

held that Wallace was not a state actor for purposes of a claim for

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

deprivation of a property right without due process under 42 U.S.C. § 1983. The plaintiffs argue that the evidence presented to the district court is "undisputed" that Wallace was acting under color of state law.

A private individual may be found to be acting under color of law in certain circumstances. Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970). The court must determine that "there is a sufficiently close nexus between the state and the challenged action . . . so that the action . . . may fairly be treated as that of the state itself." Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351 (1974). This nexus may be created by a state-created legal framework governing private conduct, a delegation of traditional state powers, or by a "symbiotic interrelationship" between the state and a private entity. Albright v. Longview Police Dep't, 884 F.2d 835, 838 (5th Cir. 1989). Relevant factors to consider are the extent to which the private actor relies on government assistance, whether the actor is performing a traditional government function, and whether the injury is aggravated in a unique way by the incidents of governmental authority. Edmonson v. Leesville Concrete Co., Inc., 500 U.S. 614, 621-22 (1991).

The plaintiffs assert that Wallace was acting under color of law when he provided them water service by extending water lines from the city limits to property outside the city which he developed and sold to the plaintiffs. The evidence filed in connection with the motion for summary judgment, however, shows little more than an arm's length contractual arrangement in which

the city agreed to sell and deliver water to defendant at a single meter at the city limits. The defendant independently laid the lines outside the city and undertook to deliver and resell the water to the plaintiffs. Contrary to the plaintiffs' assertions, the evidence of mere cooperation between the city and the defendant falls short of what is needed to prove that Wallace was a "state actor" for purposes of § 1983. See West v. Atkins, 487 U.S. 42, 54-57 (1988); Burton v. Wilmington Parking Auth., 365 U.S. 715, 723-24 (1961). For the reasons assigned by the district court we agree that no genuine issue for trial exists because no reasonable trier of fact could find that defendant's actions of which the plaintiffs complain were state action or acts under color of state law or that the defendant discriminated against them on the basis of their race. The district court's grant of summary judgment in favor of Wallace is AFFIRMED.